**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

<u>Southern</u> District of <u>Texas</u>

Case number (*If known*): _____ Chapter 15

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | |
|---|---|
| 1. **Debtor's name** | BioSteel Sports Nutrition Inc. |

2. **Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN)  ___ ___ – ___ ___ ___ ___ ___ ___ ___

☒ Other 850120866 . Describe identifier Canadian Business Number .

**For individual debtors:**

☐ Social Security number: xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____ . Describe identifier _____ .

| | |
|---|---|
| 3. **Name of foreign representative(s)** | BioSteel Sports Nutrition Inc. |
| 4. **Foreign proceeding in which appointment of the foreign representative(s) occurred** | In the Matter of a Plan of Compromise or Arrangement of BioSteel Sports Nutrition Inc. |

5. **Nature of the foreign proceeding**

*Check one:*

☒ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

☒ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☒ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
Board Resolutions Appointing Foreign Representative

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☒ Yes

Debtor  <u>BioSteel Sports Nutrition Inc.</u>
    Name

Case number *(if known)*_____

---

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Canada
_____

**Debtor's registered office:**

87 Wingold Avenue, Unit 1
_____
Number    Street

_____
P.O. Box

Toronto,    Ontario    M6B 1P8
_____
City    State/Province/Region    ZIP/Postal Code

Canada
_____
Country

**Individual debtor's habitual residence:**

_____
Number    Street

_____
P.O. Box

_____
City    State/Province/Region    ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

87 Wingold Avenue, Unit 1
_____
Number    Street

_____
P.O. Box

Toronto,    Ontario    M6B 1P8
_____
City    State/Province/Region    ZIP/Postal Code

Canada
_____
Country

---

**10. Debtor's website** (URL)

https://biosteel.com/

---

**11. Type of debtor**

*Check one:*

☒ Non-individual (*check one*):

   ☒ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

   ❑ Partnership

   ❑ Other.  Specify: _____

☐ Individual

---

| Debtor | BioSteel Sports Nutrition Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**12. Why is venue proper in *this district*?**

Check one:

☐ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☒ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:
The Foreign Debtor has property in Houston, Texas
_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ /s/ Sarah S. Eskandari                     Sarah S. Eskandari (authorized representative)
Signature of foreign representative           Printed name

Executed on    09/17/2023
               MM / DD / YYYY

✗ _____           _____
Signature of foreign representative           Printed name

Executed on    _____
               MM / DD / YYYY

**14. Signature of attorney**

✗ /s/ Marty L. Brimmage, Jr.        Date    09/17/2023
Signature of Attorney for foreign representative   MM / DD / YYYY

Marty L. Brimmage, Jr.
Printed name
Akin Gump Strauss Hauer & Feld LLP
Firm name
2300 N. Field Street, Suite 1800
Number        Street
Dallas                                          TX        75201
City                                            State     ZIP Code

(214) 969-2800                                  mbrimmage@akingump.com
Contact phone                                   Email address

00793386                                        TX
Bar number                                      State

## **EXHIBIT A**

**Certified CCAA Order**

Electronically issued / Délivré par voie électronique : 14-Sep-2023
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

Court File No. CV-23-706033-00CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| THE HONOURABLE | ) | THURSDAY, THE 14th |
| | ) | |
| JUSTICE CAVANAGH | ) | DAY OF SEPTEMBER, 2023 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF BIOSTEEL SPORTS NUTRITION INC.

(the "**Applicant**")

**INITIAL ORDER**

**THIS APPLICATION**, made by the Applicant, pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), for an Initial Order was heard this day by judicial videoconference via Zoom.

**ON READING** the affidavit of Sarah S. Eskandari sworn September 13, 2023 and the Exhibits thereto (the "**Eskandari Affidavit**") and the pre-filing report dated September 13, 2023 of KSV Restructuring Inc. ("**KSV**") in its capacity as the proposed monitor, and on being advised that the secured creditors who are likely to be affected by the charges created herein were given notice, and on hearing the submissions of counsel for the Applicant, KSV, and the other parties listed on the counsel slip and no one appearing for any other party although duly served as appears from the affidavit of service of Stephanie Fernandes sworn September 14, 2023, and on reading the consent of KSV to act as the Monitor,

**SERVICE AND DEFINITIONS**

1.    **THIS COURT ORDERS** that the time for service of the Notice of Application and the Application Record is hereby abridged and validated so that this Application is properly returnable today and hereby dispenses with further service thereof.

Electronically issued / Délivré par voie électronique : 14-Sep-2023
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-23-00706033-00CL

2.      **THIS COURT ORDERS** that capitalized terms used in this Order and not otherwise defined herein shall have the meanings ascribed to them in the Eskandari Affidavit.

**APPLICATION**

3.      **THIS COURT ORDERS AND DECLARES** that the Applicant is a company to which the CCAA applies.

**POSSESSION OF PROPERTY AND OPERATIONS**

4.      **THIS COURT ORDERS** that the Applicant shall remain in possession and control of its current and future assets, licences, undertakings and properties of every nature and kind whatsoever, and wherever situate including all proceeds thereof (the "**Property**"). Subject to further Order of this Court, the Applicant shall continue to carry on business in a manner consistent with the preservation of its business (the "**Business**") and the Property. The Applicant is authorized and empowered to continue to retain and employ or receive the services of its employees (or employees of affiliates providing services on an intercompany basis), consultants, contractors, agents, experts, accountants, counsel and such other persons (collectively "**Assistants**") currently retained or employed by it, with liberty to retain such further Assistants as it deems reasonably necessary or desirable in the ordinary course of business or for the carrying out of the terms of this Order.

5.      **THIS COURT ORDERS** that the Applicant shall be entitled to continue to utilize the central cash management system currently in place as described in the Eskandari Affidavit or, with the prior written consent of the Monitor, replace it with another substantially similar central cash management system (the "**Cash Management System**"), and that any present or future bank providing the Cash Management System shall: (i) not be under any obligation whatsoever to inquire into the propriety, validity or legality of any transfer, payment, collection or other action taken under the Cash Management System, or as to the use or application by the Applicant of funds transferred, paid, collected or otherwise dealt with in the Cash Management System; (ii) be entitled to provide the Cash Management System without any liability in respect thereof to any Person (as hereinafter defined) other than the Applicant, pursuant to the terms of the documentation applicable to the Cash Management System; and (iii) be, in its capacity as provider of the Cash Management System, an unaffected creditor under a plan (if any) with regard to any claims or expenses it may suffer or incur in connection with the provision of the Cash Management

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 14 DAY OF September 20 23
FAIT À TORONTO LE          JOUR DE

REGISTRAR                    GREFFIER

Electronically issued / Délivré par voie électronique : 14-Sep-2023
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

6.     **THIS COURT ORDERS** that the Applicant shall be entitled but not required to pay the following expenses whether incurred prior to, on, or after the date of this Order:

(a)     in respect of employees of the Applicant, all outstanding and future wages, salaries, employee and pension benefits, vacation pay and expenses payable prior to, on, or after the date of this Order, in each case incurred in the ordinary course of business and consistent with existing compensation policies and arrangements;

(b)     with the prior written consent of the Monitor, amounts owing for goods and services actually supplied to the Applicant or its affiliates BioSteel Sports Nutrition USA, LLC ("**BioSteel US**") or BioSteel Manufacturing LLC ("**BioSteel Manufacturing**, and collectively with the Applicant and BioSteel US, the "**BioSteel Entities**" and each a "**BioSteel Entity**"), including, without limiting the foregoing, services provided by contractors, prior to the date of this Order, with the Monitor considering, among other factors, whether: (i) the supplier or service provider is essential to the Business and ongoing operations of the Applicant and the payment is required to ensure ongoing supply; (ii) making such payment will preserve, protect or enhance the value of the Property or the Business or the business or property of a US BioSteel Entity; and (iii) the supplier or service provider is required to continue to provide goods or services to the Applicant after the date of this Order, including pursuant to the terms of this Order; and,

(c)     the fees and disbursements of any Assistants retained or employed by the Applicant, at their standard rates and charges.

7.     **THIS COURT ORDERS** that, except as otherwise provided to the contrary herein, the Applicant shall be entitled but not required to pay all reasonable expenses incurred by the BioSteel Entities in carrying on the Business in the ordinary course after the date of this Order, and in carrying out the provisions of this Order, which expenses shall include, without limitation:

(a)     all expenses and capital expenditures reasonably necessary for the preservation of the Property or the Business including, without limitation, payments on account of insurance (including directors' and officers' insurance), maintenance and security services; and

(b)     payment for goods or services actually supplied to the BioSteel Entities, provided, however, that payment for goods or services actually supplied to the US BioSteel

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DATED AT TORONTO THIS 14 DAY OF November 20 23

REGISTRAR

LA PRESENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

FAIT À TORONTO LE

GREFFIER

Electronically issued / Délivré par voie électronique : 14-Sep-2023
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

Entities may only be made with consent of the Monitor, on or following the date of this Order.

8.     **THIS COURT ORDERS** that the Applicant shall remit, in accordance with legal requirements, or pay:



(a)     any statutory deemed trust amounts in favour of the Crown in right of Canada or of any Province thereof or any other taxation authority which are required to be deducted from employees' wages, including, without limitation, amounts in respect of: (i) employment insurance; (ii) Canada Pension Plan; (iii) Quebec Pension Plan; and (iv) income taxes;

(b)     all goods and services or other applicable sales taxes (collectively, "**Sales Taxes**") required to be remitted by the Applicant in connection with the sale of goods and services by the Applicant, but only where such Sales Taxes are accrued or collected after the date of this Order, or where such Sales Taxes were accrued or collected prior to the date of this Order but not required to be remitted until on or after the date of this Order; and

(c)     any amount payable to the Crown in right of Canada or of any Province thereof or any political subdivision thereof or any other taxation authority in respect of municipal realty, municipal business or other taxes, assessments or levies of any nature or kind which are entitled at law to be paid in priority to claims of secured creditors and which are attributable to or in respect of the carrying on of the Business by the Applicant, whether in Canada, the United States, or another jurisdiction.

9.     **THIS COURT ORDERS** that until a real property lease is disclaimed in accordance with the CCAA, the Applicant shall pay, without duplication, all amounts constituting rent or payable as rent under real property leases (including, for greater certainty, common area maintenance charges, utilities and realty taxes and any other amounts payable to the landlord under the lease, but for greater certainty, excluding accelerated rent or penalties, fees or other charges arising as a result of the insolvency of the Applicant or the making of this Order) or as otherwise may be negotiated between the Applicant and the landlord from time to time ("**Rent**"), for the period commencing from and including the date of this Order, monthly in equal payments on the first day of each month, in advance (but not in arrears) or, with the prior written consent of the Monitor, at such other time intervals and dates as may be agreed to between the Applicant and landlord, in

Electronically issued / Délivré par voie électronique : 14-Sep-2023
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe** : CV-23-00706033-00CL

the amounts set out in the applicable lease.  On the date of the first of such payments, any Rent relating to the period commencing from and including the date of this Order shall also be paid.

10.     **THIS COURT ORDERS** that, except as specifically permitted herein, the Applicant is hereby directed, until further Order of this Court: (i) to make no payments of principal, interest thereon or otherwise on account of amounts owing by the Applicant to any of its creditors as of this date; (ii) to grant no security interests, trust, liens, charges or encumbrances upon or in respect of any of the Property; and (iii) to not grant credit or incur liabilities except in the ordinary course of the Business.

## NO PROCEEDINGS AGAINST THE BIOSTEEL ENTITIES, THEIR BUSINESS OR THEIR PROPERTY

11.     **THIS COURT ORDERS** that until and including September 24, 2023, or such later date as this Court may order (the "**Stay Period**"), no proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**", and collectively, "**Proceedings**") shall be commenced or continued against or in respect of the BioSteel Entities or the Monitor, or affecting the Business or the Property or the business or property of BioSteel US or BioSteel Manufacturing, except with the written consent of the Applicant and the Monitor, or with leave of this Court, and any and all Proceedings currently under way against or in respect of any of the BioSteel Entities or affecting the Business or the Property, or the business or property of BioSteel US or BioSteel Manufacturing, are hereby stayed and suspended pending further Order of this Court or the prior written consent of the Applicant and the Monitor.

## NO EXERCISE OF RIGHTS OR REMEDIES

12.     **THIS COURT ORDERS** that during the Stay Period, all rights and remedies of any individual, firm, corporation, organization, governmental unit, body or agency, or any other entities (all of the foregoing, collectively being "**Persons**" and each being a "**Person**") against or in respect of any of the BioSteel Entities or the Monitor, or their respective employees and representatives acting in such capacities, or affecting the Business or the Property or the business or property of BioSteel US or BioSteel Manufacturing, are hereby stayed and suspended except with the written consent of the Applicant and the Monitor, or leave of this Court, provided that nothing in this Order shall: (i) empower any of the BioSteel Entities to carry on any business which it is not lawfully entitled to carry on; (ii) affect such investigations, actions, suits or proceedings by a regulatory body as are permitted by Section 11.1 of the CCAA; (iii) prevent the filing of any registration to preserve or perfect a security interest; or (iv) prevent the registration of a claim for lien.

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVETUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS     14     DAY OF     September     20 23
FAIT À TORONTO LE                         JOUR DE

REGISTRAR                                                GREFFIER

Electronically issued / Délivré par voie électronique : 14-Sep-2023
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe** : CV-23-00706033-00CL

**NO INTERFERENCE WITH RIGHTS**

13.      **THIS COURT ORDERS** that during the Stay Period, no Person shall accelerate, suspend, discontinue, fail to honour, alter, interfere with, repudiate, rescind, terminate or cease to perform any right, renewal right, contract, agreement, lease, sublease, licence, authorization or permit in favour of or held by any of the BioSteel Entities, except with the prior written consent of the Applicant and the Monitor, or leave of this Court.

**CONTINUATION OF SERVICES**

14.      **THIS COURT ORDERS** that during the Stay Period, all Persons having oral or written agreements with any of the BioSteel Entities or statutory or regulatory mandates for the supply of goods and/or services, including without limitation all computer software, communication and other data services, centralized banking services, payroll and benefit services, accounting services, insurance, transportation services, storage and warehousing, utility, licensing, or other services, to the Business or any of the BioSteel Entities, are hereby restrained until further Order of this Court from discontinuing, altering, interfering with, suspending or terminating the supply of such goods or services as may be required by any of the BioSteel Entities or exercising any other remedy provided under the agreements or arrangements, and that each of the BioSteel Entities shall be entitled to the continued use of its current premises, telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the applicable BioSteel Entities in accordance with the normal payment practices of the applicable BioSteel Entities or such other practices as may be agreed upon by the supplier or service provider and each of the Applicant and the Monitor, or as may be ordered by this Court.

**NON-DEROGATION OF RIGHTS**

15.      **THIS COURT ORDERS** that, notwithstanding anything else in this Order, no Person shall be prohibited from requiring immediate payment for goods, services, use of leased or licensed property or other valuable consideration provided on or after the date of this Order, nor shall any Person be under any obligation on or after the date of this Order to advance or re-advance any monies or otherwise extend any credit to the Applicant. Nothing in this Order shall derogate from the rights conferred and obligations imposed by the CCAA.

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 14 DAY OF September 20 23
FAIT À TORONTO LE              JOUR DE

REGISTRAR                                 GREFFIER

Electronically issued / Délivré par voie électronique : 14-Sep-2023
Toronto Superior Court of Justice / Cour supérieure de justice   **Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

**PROCEEDINGS AGAINST DIRECTORS AND OFFICERS**

16.     **THIS COURT ORDERS** that during the Stay Period, and except as permitted by Subsection 11.03(2) of the CCAA, no Proceeding may be commenced or continued against any of the former, current or future directors or officers of any of the BioSteel Entities (other than a director or officer who is or was at any point a shareholder or optionholder of the Applicant) (collectively, the "**Directors and Officers**") with respect to any claim against the Directors and Officers that arose before the date hereof and that relates to any obligations of any of the BioSteel Entities whereby the Directors and Officers are alleged under any law to be liable in their capacity as the Directors and Officers for the payment or performance of such obligations, until a compromise or arrangement in respect of the Applicant, if one is filed, is sanctioned by this Court or is refused by the creditors of the Applicant or this Court.

**DIRECTORS' AND OFFICERS' INDEMNIFICATION AND CHARGE**

17.     **THIS COURT ORDERS** that the Applicant shall indemnify the Directors and Officers against obligations and liabilities that they may incur as directors or officers of any of the BioSteel Entities after the commencement of the within proceeding, except to the extent that, with respect to any Director or Officer, the obligation or liability was incurred as a result of such Director's or Officer's gross negligence or wilful misconduct (the "**D&O Indemnity**").

18.     **THIS COURT ORDERS** that the Directors and Officers shall be entitled to the benefit of and are hereby granted a charge (the "**Directors' Charge**") on the Property, which charge shall not exceed an aggregate amount of US$1,279,000, unless permitted by further Order of this Court, as security for the D&O Indemnity provided in paragraph 17 of this Order. The Directors' Charge shall have the priority set out in paragraphs 29 and 31 hereof.

19.     **THIS COURT ORDERS** that, notwithstanding any language in any applicable insurance policy to the contrary: (i) no insurer shall be entitled to be subrogated to or claim the benefit of the Directors' Charge; and (ii) the Directors and Officers shall only be entitled to the benefit of the Directors' Charge to the extent that they do not have coverage under any directors' and officers' insurance policy, or to the extent that such coverage is insufficient to pay amounts indemnified in accordance with paragraph 17 of this Order.

**APPOINTMENT OF MONITOR**

20.     **THIS COURT ORDERS** that KSV is hereby appointed pursuant to the CCAA as Monitor, an officer of this Court, to monitor the business and financial affairs of the Applicant with

Electronically issued / Délivré par voie électronique : 14-Sep-2023
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

the powers and obligations set out in the CCAA or set forth herein and that the Applicant and its shareholders, officers, directors, and Assistants shall advise the Monitor of all material steps taken by the Applicant pursuant to this Order, and shall co-operate fully with the Monitor in the exercise of its powers and discharge of its obligations and provide the Monitor with the assistance that is necessary to enable the Monitor to adequately carry out the Monitor's functions.

21.     **THIS COURT ORDERS** that the Monitor, in addition to its prescribed rights and obligations under the CCAA, is hereby directed and empowered to:

(a)     monitor the Applicant's receipts and disbursements;

(b)     report to this Court at such times and intervals as the Monitor may deem appropriate with respect to matters relating to the Property, the Business, and such other matters as may be relevant to the proceeding herein;

assist the Applicant in the preparation of its cash flow statements;

monitor all payments, obligations and transfers as between the Applicant and its affiliates;

(e)     have full and complete access to the Property, including the premises, books, records, data, including data in electronic form, and other financial documents of the Applicant, to the extent that is necessary to adequately assess the Applicant's business and financial affairs or to perform its duties arising under this Order;

be at liberty to engage independent legal counsel or such other persons as the Monitor deems necessary or advisable respecting the exercise of its powers and performance of its obligations under this Order;

(g)     assist the Foreign Representative (as defined below) and its legal counsel as may be required to give effect to the terms of this Order; and

(h)     perform such other duties as are required by this Order or by this Court from time to time.

22.     **THIS COURT ORDERS** that the Monitor shall not take possession of the Property and shall take no part whatsoever in the management or supervision of the management of the Business and shall not, by fulfilling its obligations hereunder, be deemed to have taken or maintained possession or control of the Business or the Property, or any part thereof.



Electronically issued / Délivré par voie électronique : 14-Sep-2023
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

23.    **THIS COURT ORDERS** that nothing herein contained shall require the Monitor to occupy or to take control, care, charge, possession or management (separately and/or collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the Ontario *Environmental Protection Act*, the *Ontario Water Resources Act*, or the Ontario *Occupational Health and Safety Act* and regulations thereunder (the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Monitor from any duty to report or make disclosure imposed by applicable Environmental Legislation.  The Monitor shall not, as a result of this Order or anything done in pursuance of the Monitor's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

24.    **THIS COURT ORDERS** that the Monitor shall provide any creditor of the Applicant with information provided by the Applicant in response to reasonable requests for information made in writing by such creditor addressed to the Monitor.  The Monitor shall not have any responsibility or liability with respect to the information disseminated by it pursuant to this paragraph. In the case of information that the Monitor has been advised by the Applicant is confidential, the Monitor shall not provide such information to creditors unless otherwise directed by this Court or on such terms as the Monitor and the Applicant may agree.

25.    **THIS COURT ORDERS** that, in addition to the rights and protections afforded to the Monitor under the CCAA or as an officer of this Court, the Monitor, its directors, officers, employees, legal counsel and other representatives acting in such capacities shall incur no liability or obligation as a result of the Monitor's appointment or the carrying out by it of the provisions of this Order, save and except for any gross negligence or wilful misconduct on its part.  Nothing in this Order shall derogate from the protections afforded to the Monitor by the CCAA or any applicable legislation.

26.    **THIS COURT ORDERS** that the Monitor, legal counsel to the Monitor, legal counsel to the Applicant and the Special Committee shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges, whether incurred prior to, on or subsequent to the date of this Order, by the Applicant as part of the costs of this proceeding. The Applicant is hereby

THIS IS TO CERTIFY THAT THIS
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE
DES PAGES EST REVETUE DU
SCEAU DE LA COUR SUPERIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 14 DAY OF September 20 23
FAIT A TORONTO LE        JOUR DE

REGISTRAR                                    GREFFIER

Electronically issued / Délivré par voie électronique : 14-Sep-2023
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

authorized and directed to pay the accounts of the Monitor, legal counsel for the Monitor and legal counsel for the Applicant on a bi-weekly basis.

27.     **THIS COURT ORDERS** that the Monitor and its legal counsel shall pass their accounts from time to time, and for this purpose the accounts of the Monitor and its legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

## ADMINISTRATION CHARGE

28.     **THIS COURT ORDERS** that the Monitor, legal counsel to the Monitor, legal counsel to the Applicant and the Special Committee, and Greenhill & Co. Canada Ltd. (the "**Financial Advisor**") in respect of its Monthly Advisory Fee (as defined by the Greenhill Engagement Letter) shall be entitled to the benefit of and are hereby granted a charge (the **"Administration Charge"**) on the Property, which charge shall not exceed an aggregate amount of US$750,000 unless permitted by further Order of this Court, as security for their professional fees and disbursements incurred at the standard rates and charges of the Monitor and such counsel or advisors, both before and after the making of this Order in respect of this proceeding. The Administration Charge shall have the priority set out in paragraphs 29 and 31 hereof.

## VALIDITY AND PRIORITY OF CHARGES CREATED BY THIS ORDER

29.     **THIS COURT ORDERS** that the priorities of the Administration Charge, the Directors' Charge (collectively, the "**Charges**"), as among them, shall be as follows:

> First – Administration Charge (to the maximum amount of US$750,000); and
>
> Second – Directors' Charge (to the maximum amount of US$1,279,000).

30.     **THIS COURT ORDERS** that the filing, registration or perfection of the Charges shall not be required, and that the Charges shall be valid and enforceable for all purposes, including as against any right, title or interest filed, registered, recorded or perfected subsequent to the Charges coming into existence, notwithstanding any such failure to file, register, record or perfect.

31.     **THIS COURT ORDERS** that each of the Charges (all as constituted and defined herein) shall constitute a charge on the Property and such Charges shall rank in priority to all other security interests, trusts, liens, charges and encumbrances, and claims of secured creditors, statutory or otherwise (collectively, "**Encumbrances**") in favour of any Person notwithstanding the order of perfection or attachment; provided that the Charges shall rank behind Encumbrances in favour of any Person that has not been served with notice of the application for this Order. The

Electronically issued / Délivré par voie électronique : 14-Sep-2023
Toronto Superior Court of Justice / Cour supérieure de justice **Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

Applicant and the beneficiaries of the Charges shall be entitled to seek priority of the Charges ahead of any Encumbrances over which the Charges may not have obtained priority pursuant to this Order on a subsequent motion including, without limitation, on the Comeback Hearing (as defined below), on notice to those Persons likely to be affected thereby.

32.     **THIS COURT ORDERS** that except as otherwise expressly provided for herein, or as may be approved by this Court on notice to parties in interest, the Applicant shall not grant any Encumbrances over any Property that rank in priority to, or *pari passu* with, any of the Charges, unless the Applicant also obtains the prior written consent of the Monitor, and the beneficiaries of the Administration Charge and the Directors' Charge, as applicable, or further Order of this Court.

33.     **THIS COURT ORDERS** that the Charges shall not be rendered invalid or unenforceable and the rights and remedies of the chargees entitled to the benefit of the Charges (collectively, the "**Chargees**") thereunder shall not otherwise be limited or impaired in any way by: (i) the pendency of this proceeding and the declarations of insolvency made herein; (ii) any application(s) for bankruptcy order(s) or receivership order(s) issued pursuant to the *Bankruptcy and Insolvency Act (Canada)* (the "**BIA**") or otherwise, or any bankruptcy order or receivership order made pursuant to such applications; (iii) the filing of any assignments for the general benefit of creditors made pursuant to the BIA; (iv) the provisions of any federal or provincial statutes; or (v) any negative covenants, prohibitions or other similar provisions with respect to borrowings, incurring debt or the creation of Encumbrances, contained in any existing loan documents, lease, sublease, offer to lease or other agreement (collectively, an "**Agreement**") which binds the Applicant, and notwithstanding any provision to the contrary in any Agreement:

(a)     the creation of the Charges shall not create or be deemed to constitute a breach by the Applicant of any Agreement to which it is a party;

(b)     none of the Chargees shall have any liability to any Person whatsoever as a result of any breach of any Agreement caused by or resulting from the creation of the Charges; and

(c)     the payments made by the Applicant pursuant to this Order, and the granting of the Charges, do not and will not constitute preferences, fraudulent conveyances, transfers at undervalue, oppressive conduct, or other challengeable or voidable transactions under any applicable law.

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

DATED AT TORONTO THIS   14   DAY OF   September 20 23
FAIT A TORONTO LE        JOUR DE

REGISTRAR

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

GREFFIER

Electronically issued / Délivré par voie électronique : 14-Sep-2023
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

34.    **THIS COURT ORDERS** that any Charge created by this Order over leases of real property in Canada shall only be a Charge in the Applicant's interest in such real property lease.

**SERVICE AND NOTICE**

35.    **THIS COURT ORDERS** that the Monitor shall: (i) without delay, publish in the *National Post (National Edition)*, a notice containing the information prescribed under the *CCAA*; and (ii) within five (5) days after the date of this Order, (A) make this Order publicly available in the manner prescribed under the *CCAA*, (B) send, in the prescribed manner, a copy of the notice to every known creditor who has a claim against the Applicant of more than $1,000, and (C) prepare a list showing the names and addresses of those creditors and the estimated amounts of those claims, and make it publicly available in the prescribed manner, all in accordance with Subsection 23(1)(a) of the *CCAA* and the regulations made thereunder.

36.    **THIS COURT ORDERS** that the E-Service Guide of the Commercial List (the "**Guide**") is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Guide (which can be found on the Commercial List website at https://www.ontariocourts.ca/scj/practice/practice-directions/toronto/eservice-commercial/) shall be valid and effective service. Subject to Rule 17.05, this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the *Rules of Civil Procedure*, R.R.O. 1990. Reg. 194, as amended (the "**Rules of Civil Procedure**"). Subject to Rule 3.01(d) of the Rules of Civil Procedure and paragraph 13 of the Guide, service of documents in accordance with the Guide will be effective on transmission. This Court further orders that a Case Website shall be established in accordance with the Guide with the following URL: www.ksvadvisory.com/experience/case/biosteel.

37.    **THIS COURT ORDERS** that if the service or distribution of documents in accordance with the Guide or the CCAA and the regulations thereunder is not practicable, the Applicant, the Monitor and each of their respective counsel and agents are at liberty to serve or distribute this Order, any other materials and orders in this proceeding, any notices or other correspondence, by forwarding copies thereof by prepaid ordinary mail, courier, personal delivery, facsimile transmission or electronic message to the Applicant's creditors or other interested parties at their respective addresses (including e-mail addresses) as last shown in the books and records of the Applicant and that any such service or distribution shall be deemed to be received on the earlier of (i) the date of forwarding thereof, if sent by electronic message on or prior to 5:00 p.m. Eastern Time (or on the next business day following the date of forwarding thereof if sent on a non-

Electronically issued / Délivré par voie électronique : 14-Sep-2023
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

business day); (ii) the next business day following the date of forwarding thereof, if sent by courier, personal delivery, facsimile transmission or electronic message sent after 5:00 p.m. Eastern Time; or (iii) on the third business day following the date of forwarding thereof, if sent by ordinary mail.

38.    **THIS COURT ORDERS** that the Applicant, the Monitor and each of their respective counsel are at liberty to serve or distribute this Order, and any other materials and orders as may be reasonably required in this proceeding, including any notices or other correspondence, by forwarding true copies thereof by electronic message (including by e-mail) to the Applicant's creditors or other interested parties and their advisors, as applicable. For greater certainty, any such service or distribution shall be deemed to be in satisfaction of a legal or judicial obligation, and notice requirements within the meaning of Subsection 3(c) of the *Electronic Commerce Protection Regulations* (SOR/2013-221).

39.    **THIS COURT ORDERS** that subject to further Order of this Court in respect of urgent motions, any interested party wishing to object to the relief sought in a motion brought by the Applicant or the Monitor in this proceeding shall, subject to further Order of this Court, provide the service list in this proceeding (the "**Service List**") with responding motion materials or a written notice (including by e-mail) stating its objection to the motion and the grounds for such objection by no later than 5:00 p.m. (Eastern Time) on the date that is two (2) days prior to the date such motion is returnable (the "**Objection Deadline**"). The Monitor shall have the ability to extend the Objection Deadline after consultation with the Applicant.

**COMEBACK HEARING**

40.    **THIS COURT ORDERS** that the comeback motion in this proceeding shall be heard on September 21, 2023 (the "**Comeback Hearing**").

**FOREIGN PROCEEDINGS**

41.    **THIS COURT ORDERS** that the Applicant is hereby authorized and empowered, but not required, to act as the foreign representative (in such capacity, the "**Foreign Representative**") in respect of the within proceeding for the purpose of having this proceeding recognized and approved in a jurisdiction outside of Canada.

42.    **THIS COURT ORDERS** that the Foreign Representative is hereby authorized to apply for foreign recognition and approval of this proceeding, as necessary, in any jurisdiction outside of Canada, including in the United States pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

Electronically issued / Délivré par voie électronique : 14-Sep-2023
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

**GENERAL**

43.    **THIS COURT ORDERS** that any interested party (including the Applicant) may apply to this Court to vary or amend this Order on not less than five (5) calendar days' notice to the Service List and any other party or parties likely to be affected by the Order sought; provided, however, that the Chargees shall be entitled to rely on this Order as granted and on the Charges and priorities set forth in paragraphs 29 and 31 hereof with respect to any fees, expenses and disbursements incurred, as applicable, until the date this Order may be amended, varied or stayed.

44.    **THIS COURT ORDERS** that, notwithstanding paragraph 43 of this Order, the Applicant or the Monitor may from time to time apply to this Court to amend, vary or supplement this Order or for advice and directions in the discharge of its powers and duties hereunder or in the interpretation of this Order.

45.    **THIS COURT ORDERS** that nothing in this Order shall prevent the Monitor from acting as an interim receiver, a receiver, a receiver and manager, or a trustee in bankruptcy of the Applicant, the Business or the Property.

46.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States, to give effect to this Order and to assist the BioSteel Entities, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the BioSteel Entities and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the BioSteel Entities and the Monitor and their respective agents in carrying out the terms of this Order.

47.    **THIS COURT ORDERS** that each of the Applicant and the Monitor be at liberty and are hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and that the Monitor is authorized and empowered to act as a representative in respect of the within proceeding for the purpose of having this proceeding recognized in a jurisdiction outside Canada.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE.

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS __14__ DAY OF __September__ 20 __23__
FAIT A TORONTO LE             JOUR DE

REGISTRAR                                 GREFFIER

Electronically issued / Délivré par voie électronique : 14-Sep-2023
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00706033-00CL

48.   **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 8:00 a.m. (Eastern Time) on the date of this Order without the need for entry or filing.

Digitally signed by
Peter Cavanagh

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS **14** DAY OF **September** 20 **23**
FAIT À TORONTO LE          JOUR DE

REGISTRAR                    GREFFIER

Electronically issued / Délivré par voie électronique : 14-Sep-2023
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-23-00706033-00CL

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF BIOSTEEL SPORTS NUTRITION INC.

Court File No. CV-23-706033-00CL

| | |
|---|---|
| | **ONTARIO**<br>**SUPERIOR COURT OF JUSTICE**<br>**(COMMERCIAL LIST)**<br><br>PROCEEDING COMMENCED AT<br>TORONTO |
| | **INITIAL ORDER** |
| | **Cassels Brock & Blackwell LLP**<br>Suite 3200, Bay Adelaide Centre – North Tower<br>40 Temperance St.<br>Toronto, ON M5H 0B4<br><br>**Ryan Jacobs LSO#: 59510J**<br>Tel:    416.860.6465<br>rjacobs@cassels.com<br><br>**Shayne Kukulowicz LSO#: 30729S**<br>Tel:    416.860.6463<br>skukulowicz@cassels.com<br><br>**Natalie E. Levine LSO#: 64908K**<br>Tel:    416.860.6568<br>nlevine@cassels.com<br><br>**Jeremy Bornstein LSO#: 65425C**<br>Tel:    416.869.5386<br>jbornstein@cassels.com<br><br>Lawyers for the Applicant |

## **<u>EXHIBIT B</u>**

**Consolidated Statement Pursuant to
Bankruptcy Code Section 1515(c) and Bankruptcy Rule 1007(a)(4)**

## CONSOLIDATED STATEMENT PURSUANT TO
## BANKRUPTCY CODE SECTION 1515(c) AND BANKRUPTCY RULE 1007(a)(4)

***Corporate Ownership Statement (Fed. R. Bankr. P. 7007.1)***

1.      To the best of the Foreign Representative's knowledge and belief, as of the date hereof (the "Petition Date"), the following corporations directly or indirectly own 10 percent or more of the equity interests in BioSteel Sports Nutrition Inc. (the "Foreign Debtor"):

   a.      Canopy Growth Corporation – approximately 90.4%.

2.      A simplified organizational chart is attached to the Foreign Debtor's form chapter 15 petition as **Exhibit C**.

***Persons or Bodies Authorized to Administer Foreign Proceeding of Foreign Debtor (Fed. R. Bankr. P. 1007(a)(4))***

3.      As of the Petition Date, the Foreign Representative is authorized to administer the foreign proceeding of the Foreign Debtor.  The service address for the Foreign Debtor is 87 Wingold Avenue, Unit 1, Toronto, ON M6B 1P8.

***Pending Litigation (Fed. R. Bankr. P. 1007(a)(4))***

4.      To the best of the Foreign Representative's knowledge and belief, as of the Petition Date, the following is a list of pending litigation in which the Foreign Debtor is a party in the United States at the time of filing this petition:

| Case | Name and Address |
|---|---|
| *Bedson, et al. v. BioSteel Sports Nutrition Inc.*, Case No. 1:23-cv-00620-HG (E.D.N.Y. January 27, 2023). | **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC** Erin Ruben, Esq. (admitted pro hac vice) 900 W. Morgan Street Raleigh, NC 27603  Nick Suciu III, Esq. 6905 Telegraph Road, Suite 115 Bloomfield Hills, MI 48301 |

|  | Gary Klinger, Esq. <br> 221 West Monroe Street, Suite 2100 <br> Chicago, IL 60606 <br><br> J. Hunter Bryson, Esq. <br> 405 E 50th Street <br> New York, NY 10022 <br><br> **THE SULTZER LAW GROUP P.C.** <br> Jason P. Sultzer, Esq. <br> Philip J. Furia, Esq. <br> Daniel Markowitz, Esq. <br> 85 Civic Center Plaza, Suite 200 <br> Poughkeepsie, NY 12601 |
|---|---|

***Provisional Relief (Fed. R. Bankr. P. 1007(a)(4))***

5.      Pursuant to the *Foreign Representative's* <u>*Emergency*</u> *Motion for Provisional Relief Pursuant to Bankruptcy Code Section 1519* (the "<u>Provisional Relief Motion</u>") filed contemporaneously herewith, the Foreign Representative is seeking provisional relief pursuant to Bankruptcy Code section 1519 to make Bankruptcy Code section 362 applicable to the Foreign Debtor and the Foreign Debtor's property within the territorial jurisdiction of the United States.

6.      The following table lists the entities against whom provisional relief is being sought in the Provisional Relief Motion:

| Name | Address |
|---|---|
| Allen Distribution | One South Shearer Drive, Building #26, Carlisle, PA 17013 <br><br> 670 Allen Road, Carlisle, PA 17015 <br><br> 1532 Commerce Avenue, Carlisle, PA 17015 <br><br> 4801 Westport Parkway, Building #63, Fort Worth, TX 76177 |
| *Bedson, et al. v. BioSteel Sports Nutrition Inc.*, Case No. 1:23-cv-00620-HG (E.D.N.Y. January 27, 2023). | **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC** <br> Erin Ruben, Esq. (admitted pro hac vice) <br> 900 W. Morgan Street <br> Raleigh, NC 27603 |

| Name | Address |
|---|---|
|  | Nick Suciu III, Esq.<br>6905 Telegraph Road, Suite 115<br>Bloomfield Hills, MI 48301<br><br>Gary Klinger, Esq.<br>221 West Monroe Street, Suite 2100<br>Chicago, IL 60606<br><br>J. Hunter Bryson, Esq.<br>405 E 50th Street<br>New York, NY 10022<br><br>**THE SULTZER LAW GROUP P.C.**<br>Jason P. Sultzer, Esq.<br>Philip J. Furia, Esq.<br>Daniel Markowitz, Esq.<br>85 Civic Center Plaza, Suite 200<br>Poughkeepsie, NY 12601 |
| Brandon Faye | Charles C. Weller, 11412 Corley Court, San Diego, CA 92126 |
| Brooklyn Events Center, LLC<br>Brooklyn Nets, LLC<br>New York Liberty, LLC | **Ice Miller LLP**<br>c/o Justin Klein<br>1500 Broadway, Suite 2900, New York, NY 10036 |
| Distribution Management, Inc. d/b/a<br>DM Fulfillment | **McCarthy, Leonard, & Kaemmerer, L.C.**<br>825 Maryville Centre Drive, Suite 300<br>Town and Country, MO 63017<br><br>1495 Dennison Circle, Suite 200 Carlisle, PA 17015<br><br>3285 South Willow Ave, Suite 103, Fresno, CA 93725<br><br>1001 Premier Parkway, Docks 7-15, St. Peters, MO 63376<br><br>5 Research Park Drive St., Charles, MO 63304 |
| Flow Beverages Inc.<br>Flow Beverages Corp.<br>Flow Water Inc. | **DLA Piper (Canada) LLP**<br>Suite 6000, 1 First Canadian Place<br>PO Box 367, 100 King St W<br>Toronto ON M5X 1E2 |

| Name | Address |
|---|---|
|  | 64 Triangle Drive, Weyers Cave, VA 24486 |
|  | 155 Industrial Pkwy S., Units 7-10, Aurora, ON L4G 3V5 |
|  | 33 Lakeview Court, Verona, Virginia 24482 |
|  | Legaline Corporate Services, Inc. c/o Matthew Hoar 2035 Sunset Lake Road, Ste B-2, Newark, DE 19702 |
| Hansen Partners, LLC | P.O. Box 998, Fishersville, VA 22939<br><br>956 Rockfish Road, Waynesboro, VA 22980 |
| Los Angeles Lakers | 2275 E. Mariposa Avenue, El Segundo, CA 90245 |
| Miami Heat Limited Partnership Basketball Properties, Ltd. | 601 Biscayne Blvd, Miami, FL 33132<br><br>**Arent Fox Schiff LLP** c/o James H. Hulme 1717 K Street, NW, Washington, DC 20006 |
| Philadelphia 76ers, L.P. | 3 Banner Way, Camden, NJ 08103 |
| RXO Managed Transport, LLC | 11215 North Community House Road, Charlotte, NC 28277<br><br>5 American Lane, Greenwich, CT 06831 |
| The Hibbert Group | 19521 E. 32nd Pkwy, Aurora, CO 80011<br><br>400 Pennington Ave., Trenton, NJ 08650 |
| USA Hockey, Inc. | 1775 Bob Johnson Drive, Colorado Springs, CO 80906, Attention:  Executive Director and Director of Corporate Marketing and General Counsel |
| WEBB Banks Caribbean Ventures, LLC d/b/a WB Canna Co. | **Alexandrakis Law PLLC** c/o A. Planton Alexandrakis 55 Merrick Way, Suite 202A Coral Gables, FL 33134 |

***Additional Foreign Proceedings (Bankruptcy Code § 1515(c))***

7.     As of the Petition Date, the Foreign Representative is not aware of any foreign

proceedings involving the Foreign Debtor other than the Canadian proceeding (In the Matter of a

Plan of Compromise or Arrangement of BioSteel Sports Nutrition Inc.) of which the Foreign Representative is seeking recognition.

## **EXHIBIT C**

**Organizational Chart**





- - - Represents indirect ownership.
Percentage (%) represents ownership of voting common shares and membership interests.

Canada    USA

# **EXHIBIT D**

**Board Resolutions Authorizing Foreign Representative**

**BIOSTEEL SPORTS NUTRITION INC.**
**(the "Corporation")**

**CERTIFIED RESOLUTIONS OF THE DIRECTORS**

I, SARAH S. ESKANDARI, General Counsel of the Corporation, do hereby certify, for and on behalf of the Corporation, and not personally, that attached as Schedule "A" is a true and complete copy of the resolutions of the Special Committee of the Board of Directors (the "**Resolutions**"), which was duly adopted at a meeting of the said Committee on September 14, 2023. The Resolutions are in full force and effect and are the only resolutions, approval or similar authorization of the Directors of the Corporation specifically dealing with this subject matter.

The undersigned acknowledges that this Certificate may be relied on when delivered by electronic facsimile or portable document format (PDF).

DATED September 15, 2023

*Sarah Eskandari*
Sarah S. Eskandari
General Counsel

- 2 -

Schedule "A"

**RESOLUTION OF THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF
BIOSTEEL SPORTS
NUTRITION INC.
(the "Company")**

**WHEREAS** the Special Committee of the Board of Directors of the Company (the "**Committee**") has received presentations from its investment banker, Greenhill & Co. ("**Greenhill**") and its financial advisor, KSV Restructuring Inc. ("**KSV**") including current financial statements, and a 13 week cash flow analysis which demonstrate that the Company is insolvent and that its current operations do not generate adequate liquidity to operate its business in the ordinary course;

**AND WHEREAS** the Company is dependent upon funding and services from Canopy Growth Corporation ("**Canopy**") and its affiliates in the amount of approximately $15 million per month in order to operate its business as a going concern;

**AND WHEREAS** on September 13, 2023 Canopy notified the Company that it and its affiliates are no longer willing to provide funding or services to the Company to allow it to continue to conduct business as a going concern and demanded repayment of all amounts owing pursuant to the tenth amended and restated credit agreement dated as of July 13, 2023 between Canopy and 11065220 Canada Inc., as lenders, and the Company, as borrower, with an outstanding balance in the aggregate of over $356 million;

**AND WHEREAS** the Company has, through an extensive market canvass conducted by Greenhill, received a number of non-binding expressions of interest in the acquisition of all or a portion of the Company's assets, property and undertaking and believes that such expressions of interest are such that one or more of them are reasonably likely to result in a transaction that will provide value and recovery to the Company's creditors; however, none of the parties who have provided such expressions of interest are prepared complete a transaction on an expedited basis or to provide funding to allow the Company to continue to conduct business as a going concern while the terms of a transaction are negotiated;

**AND WHEREAS** the Committee, under the terms of its mandate, is required to develop and implement a comprehensive strategy to deal with the financial challenges facing the Company, and has full authority to implement a strategy that may include, without limitation, a restructuring of the Company or its affiliates pursuant to the *Companies Creditors Arrangement Act* and/or proceedings commenced under the United States Bankruptcy Code;

**AND WHEREAS** Mr. Casley, a member of the Committee, is an employee of Canopy, the Company's principal source of funding and creditor, and in order to avoid any actual or apparent conflict of interest arising from such roles, has elected to recuse himself from voting on any resolution of the Committee that would authorize the Company to seek protection from its creditors;

**AND WHEREAS** the Committee has determined that, in light of the Company's current financial situation, action should be taken to stabilize and preserve the value of the Company's assets in order to provide an opportunity to negotiate a sale of all or substantially all of the Company's assets or complete another form of restructuring;

**AND WHEREAS** the Committee has determined it is in the best interests of the Company to immediately cease to conduct business as a going concern and to commence insolvency

proceedings under the *Companies' Creditors Arrangement Act* ("**CCAA**") and ancillary proceedings under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") to stabilize and preserve the value of the Company's assets in order to implement a sale of all or substantially all of the assets, property and undertakings of the Company, or a restructuring transaction of a different nature;

**NOW THEREFORE BE IT RESOLVED THAT:**

1.      The Company be and is hereby authorized to, immediately:

      a.   cease to conduct business as a going concern on a temporary or permanent basis;

      b.   apply to the Ontario Superior Court of Justice (Commercial List) (the "**Court**") for an order under the CCAA providing, among other things, for protection from its creditors, for the appointment of KSV as monitor of the assets, business, and affairs of the Company and for a stay of all proceedings and remedies taken or that might be taken in respect of the Company and its affiliates, the Monitor or the current or future directors and/or officers of the Company and its affiliates (the "**CCAA Proceedings**") ;

      c.   enter into any related proceedings, including any proceeding under the *Bankruptcy and Insolvency Act* (Canada) and chapter 15 of the Bankruptcy Code (these related proceedings and the CCAA Proceedings, collectively the "**Insolvency Proceedings**"),

      d.   to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on its behalf) all necessary documents and carry out all actions necessary to the appointment of the Company as the foreign representative in respect of the CCAA Proceedings for purposes of having the CCAA Proceedings recognized and approved under chapter 15 of the Bankruptcy Code.

2.      Cassels Brock & Blackwell LLP, Canadian counsel for the Company, and Akin Gump Strauss Hauer and Feld LLP ("**Akin**"), U.S, Counsel to the Company, are hereby authorized to act as counsel to the Company in connection with the Insolvency Proceedings and to serve and file such documents as are required on the Company's behalf in connection with the Insolvency Proceedings.

3.      The Company is authorized to pay the proposed Court-appointed Monitor, KSV, and its counsel, Bennett Jones, LLP, on such terms and conditions as the Court shall approve.

4.      Any one officer or director of the Company, Tom Stewart, Sarah S. Eskandari and any other persons performing services on behalf of the Company, be and is hereby authorized for and on behalf of the Company to execute, under the corporate seal or otherwise, and to deliver in the name of the Company, the documents required by the Company and contemplated in respect of the Insolvency Proceedings, and such other documentation or information required of the Company in such form and with such alterations, amendments or deletions as may be approved by the said person and the signature of the said person on behalf of the Company shall be conclusive evidence of the approval of such alterations, amendments, additions and the documents so executed shall be the documents authorized by this resolution.

5.      Any one officer or director of the Company, be and is hereby authorized for and on behalf of the Company to do or cause to be done all such acts and things as may be necessary or desirable in connection with the Insolvency Proceedings or in order to give effect to the intent of this Resolution.